# IN THE SUPREME COURT OF IOWA

No. 09–1412

Filed June 10, 2011

**STATE OF IOWA,**

    Appellee,

vs.

**ANOUHAK ANNA KEUTLA,**

    Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

On further review, defendant contends district court was without authority to revoke her deferred judgment and to punish her for contempt. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, John P. Sarcone, County Attorney, and Bob DiBlasi, Assistant County Attorney, for appellee.

**HECHT, Justice.**

After her deferred judgment was revoked, the defendant received a suspended sentence and two years of probation. In addition, the court also found the defendant in contempt and ordered her to serve six months in jail. On appeal and on further review, the defendant contends the district court lacked the authority under Iowa Code section 908.11 (2009) to revoke her deferred judgment and also to enter an order for contempt.

## I. Background Facts and Proceedings.

On November 30, 2007, Anouhak Anna Keutla pled guilty to manufacturing a controlled substance. The district court granted Keutla a deferred judgment and placed her on supervised probation for two years. The court also imposed various fees, including a civil penalty of $750.

After Keutla was charged with similar offenses in Warren and Polk Counties in March 2008, a report of probation violation was filed. Following a hearing, the district court concluded the evidence was insufficient to justify revocation of Keutla's deferred judgment and opted to continue the probation subject to increased supervision.

As a result of the charges in Warren County, Keutla resided in a residential correctional facility. She was charged with a number of serious rule infractions which prompted the filing of another report of probation violations in August 2009. Keutla stipulated to the violations. At a hearing on September 2, 2009, the district court revoked Keutla's deferred judgment, entered an adjudication of guilt, imposed an indeterminate five-year prison sentence, suspended the sentence, ordered probation, and imposed a fine. The court further ordered Keutla to serve six months in jail for contempt.

Keutla appealed, raising two claims. First, she argued the district court did not have the authority both to revoke her deferred judgment and to find her in contempt. Second, she argued the district court erred by failing to reduce the fine imposed by the amount of the civil penalty originally imposed as part of her deferred judgment. The court of appeals concluded the district court exceeded its authority by both revoking Keutla's deferred judgment and punishing her for contempt. The court of appeals sustained Keutla's writ of certiorari, striking the contempt adjudication and punishment, but leaving in place the district court's revocation of Keutla's deferred judgment and imposition of sentence. It remanded the case to the district court for reduction of Keutla's fine by the amount of the civil penalty previously imposed in connection with the deferred judgment. Keutla sought further review contending the court of appeals failed to provide a remedy for the district court's sentencing error and should have remanded her case to the district court for resentencing. We granted her application for further review to address the sentencing issue. Because we conclude Keutla must be resentenced, we need not address whether the district court erred in imposing the fine.

## II. Scope of Review.

Keutla contends the district court exceeded its jurisdiction or otherwise acted illegally by incorrectly applying the law and imposing a sentence not allowed by law. Our review in this instance is for correction of errors at law. *State v. Freeman,* 705 N.W.2d 286, 287 (Iowa 2005). To the extent that her appeal challenges the propriety of punishment for contempt, Keutla asks that her appeal be treated as a petition for writ of certiorari. *See* Iowa Code § 665.11 ("No appeal lies from an order to punish for a contempt, but the proceedings may [be revised] by

certiorari."). We grant her request that the contempt aspect of the appeal be treated as a petition for writ of certiorari, and our review on this issue is also for corrections of errors at law. *State Pub. Defender v. Iowa Dist. Ct.*, 633 N.W.2d 280, 282 (Iowa 2001).

### III. Discussion.

After pleading guilty to manufacturing a controlled substance, Keutla received a deferred judgment pursuant to Iowa Code chapter 907. A deferred judgment is

> a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court . . . . The court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment.

Iowa Code § 907.1(1).

Upon a guilty plea or verdict, and with the defendant's consent, "the court may defer judgment and may place the defendant on probation upon conditions as it may require." *Id.* § 907.3(1). But "[u]pon a showing that the defendant is not cooperating with the program of probation or is not responding to it, the court may withdraw the defendant from the program, pronounce judgment, and impose any sentence authorized by law." *Id.* However, the range of sentencing options available to the court is limited "as provided in chapter 908." *Id.*

Chapter 908 addresses probation and parole violations, and section 908.11 specifically speaks to probation violations. The sentencing court is given several options.

> If the violation is established, the court may continue the probation . . . with or without an alteration of the conditions of probation . . . . If the defendant is an adult or a youthful offender the court may hold the defendant in contempt of court and sentence the defendant to a jail term while continuing the probation or youthful offender status, order the defendant to be placed in a violator facility . . . while

> continuing the probation or youthful offender status, or revoke the probation or youthful offender status and require the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed.

*Id.* § 908.11(4).

Keutla contends section 908.11(4) does not give the district court the authority both to revoke her deferred judgment and to find her in contempt and impose a jail term for contempt. Rather, she argues section 908.11(4) clearly gives the court only four discrete options when a probation violation occurs: (1) continue probation with or without altering the terms; (2) continue probation, but hold the defendant in contempt and impose a jail term; (3) continue probation and place the defendant in a violator facility; *or* (4) revoke probation and impose a sentence for the original conviction. Keutla argues that the district court improperly exercised both the second and fourth options in this case.

The State does not dispute that section 908.11(4) provides four alternatives from which the court may choose when addressing a probation violation. However, the State contends section 907.3(1) gives the court the authority both to revoke a deferred judgment and also to choose one or more of the options provided in section 908.11(4).

> With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon such conditions as it may require. . . . Upon a showing that the defendant is not cooperating with the program of probation or is not responding to it, the court may withdraw the defendant from the program, pronounce judgment, and impose any sentence authorized by law. Before taking such action, the court shall give the defendant an opportunity to be heard on any matter relevant to the proposed action. Upon fulfillment of the conditions of probation and the payment of fees imposed and not waived . . . the defendant shall be discharged without entry of judgment. Upon violation of the conditions of probation, the court may proceed as provided in chapter 908.

*Id.* § 907.3(1).

The State contends the second sentence of section 907.3(1) authorizes the court to revoke the defendant's deferred judgment and impose sentence if the defendant is not cooperating with or responding to probation. The last sentence of the section, according to the State, further permits the court to enter a contempt order under section 908.11(4) if a violation of probation occurs. Thus, the State contends the contempt option is available to the court under section 908.11 as an auxiliary disposition when revoking a deferred judgment and imposing a sentence as described in section 907.3(1).

When we interpret statutes, our primary goal is to ascertain the legislature's intent. *State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006). We assess "the statute in its entirety, not just isolated words or phrases." *Id.* at 308. We seek an interpretation that does not render portions of it redundant or irrelevant. *Id.* Further, criminal statutes are construed strictly, and we resolve doubts in favor of the defendant. *Id.*

When we consider sections 907.3(1) and 908.11(4) together, seeking an interpretation that does not render portions of the statutes redundant or irrelevant, we conclude the district court, when addressing probation violations, may choose only one of the four discrete options provided in section 908.11(4) and that section 907.3(1) does not further authorize the court to revoke a deferred judgment *and* utilize the contempt option under 908.11(4) as if the original probation had been continued.

Section 907.3(1) authorizes the court, with the defendant's consent, to defer judgment and place the defendant on probation. It further provides the court retains the authority to revoke the deferred judgment, pronounce judgment, and sentence the defendant if "the

defendant is not cooperating with the program of probation or is not responding to it." Iowa Code § 907.3(1). If the defendant's lack of cooperation rises to the level of a violation of the terms of his or her probation, the statute permits "the court [to] proceed as provided in chapter 908" and choose from one of the four options provided in section 908.11(4). *Id.* To interpret the statute as the State proposes would render redundant and irrelevant the fourth option in 908.11(4) (permitting the court to revoke probation and impose "any sentence that might have originally been imposed").[1]

In this case, the court exercised two of the four alternative options available under section 908.11(4).[2] We conclude neither section 907.3(1) nor section 908.11(4) provides the authority for the court to revoke Keutla's deferred judgment and to punish her for contempt in the same proceeding for violation of the terms of the probation. Keutla contends the appropriate remedy is to reverse the district court's revocation of her deferred judgment and the finding of contempt and to remand the case for resentencing. Generally, in criminal cases, where an improper or illegal sentence is severable from the valid portion of the sentence, we

---

[1]The State argues in the alternative that the use of the word "and" in the fourth option described in section 908.11(4) ("or revoke the probation . . . and require the defendant to serve the sentence imposed or any lesser sentence, *and*, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed" (emphasis added)) gives the court the authority to impose any sentence which might originally have been imposed in addition to utilizing the other options listed including a contempt order. A plain reading of the sentence does not support the State's contention that "and, if imposition of sentence was deferred" provides the district court with an additional fifth option combining a contempt order with any sentence that might have originally been imposed. The entire clause clearly relates only to the fourth option addressing a scenario in which probation is revoked and a sentence is imposed on the criminal conviction. Thus, if a deferred judgment and the related probation are revoked, a contempt order is not among the alternatives available to the sentencing court under the existing statutory scheme.

[2]The district court applied the second option in section 908.11(4) when it ordered Keutla to serve six months for contempt, as contempt was not among the available sentencing options for the crime of manufacturing a controlled substance. *See* Iowa Code § 902.9(5).

may vacate the invalid part without disturbing the rest of the sentence. *State v. Krivolavy*, 258 N.W.2d 157, 158 (Iowa 1977). We are not, however, required to do so and may remand for resentencing. *Id.* Further, if it is not possible to sever the illegal portion of a sentence, we should remand for resentencing. *State v. Matlock*, 289 N.W.2d 625, 630 (Iowa 1980). In this instance, we conclude the district court's decision to revoke the deferred judgment and suspend the prison sentence on the criminal charge was closely interconnected with the jail sentence for contempt. Given Keutla's record of criminal acts and probation violations, we cannot say the district court would have chosen to revoke the deferred judgment and suspend Keutla's sentence on the criminal charge if the court had known it had no authority to impose a jail term for contempt as a consequence of the probation violations. As we believe the district court viewed the sentencing arrangement combining the revocation of the deferred sentence, the suspension of the prison sentence on the criminal charge, and jail time for contempt on the probation violations as an interconnected package, we conclude the entire sentence should be reversed. Our disposition of this appeal shall therefore include a reversal of the revocation of the deferred judgment and a remand to the district court for resentencing. This disposition preserves the discretion of the district court to fashion an appropriate consequence within the authorized range of choices provided in section 908.11(4) for Keutla's probation violations. Accordingly, we reverse the district court's revocation of Keutla's deferred judgment and finding of contempt and remand for resentencing on the probation violations.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except Waterman, Mansfield and Zager, JJ., who take no part.