**IN THE COURT OF APPEALS OF IOWA**

No. 13-1529
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ELENITA CELINDRO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hancock County, Rustin T. Davenport, Judge.


        Elenita Celindro appeals her sentence and conviction for possession of a controlled substance, second offense.  **AFFIRMED.**


        Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

        Thomas J. Miller, Attorney General, Martha Trout, Assistant Attorney General, and David Solheim, County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Elenita Celindro appeals her sentence and conviction for possession of a controlled substance, second offense. She claims the district court abused its discretion by ordering her to undergo a substance abuse evaluation. We find the district court had authority to order a substance abuse evaluation and stated sufficient reasons on the record for the sentence. Accordingly, we affirm.

I.      **Background Facts and Proceedings**

On September 24, 2013, Elenita Celindro entered a written plea of guilty to the charge of possession of a controlled substance, second offense. The sentencing hearing was held on the same day.

During the sentencing hearing, the district court largely adopted the sentence suggested in the plea agreement,[1] with one important addition. According to the terms of the agreement, Celindro was to be sentenced to serve fourteen days in jail and pay a fine of $625, which was to be suspended. The district court also ordered that Celindro undergo a substance abuse evaluation, pay for it, comply with its terms, and provide proof of completion to the clerk of court. The substance abuse evaluation was not a part of the plea agreement.

Celindro claims the district court did not provide sufficient reasons for ordering the substance abuse evaluation. She also contends the evaluation should be stricken from her sentence because she was not placed on probation.

---

[1] The defendant's signed written plea acknowledges the court is not bound by the terms of the plea agreement, and at sentencing, the court can impose any sentence appropriate, up to the maximum allowed by law.

**II.     Standard of Review**

We review Celindro's challenge to her sentence for correction of errors at law.  *State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011).

**III.     Discussion**

We are presented with two questions on appeal.  First, can the district court order a substance abuse evaluation without placing the defendant on probation.  Second, did the district court give sufficient reasons on the record for the sentence imposed.  We answer both questions in the affirmative.

Iowa Code section 901.4A (2013) allows the district court to order a defendant to undergo a substance abuse evaluation upon any plea of guilty, so long as the district court believes the individual regularly abuses illegal substances and may be in need of treatment.  Celindro is correct that section 124.401(5) allows for participation in a drug treatment or education program when a portion of the sentence is suspended and probation is imposed; however, the evaluation provided for in section 901.4A is allowable "in addition to any other sentence or order of the court."  The substance abuse requirement may be imposed under either section, only one of which requires an order of probation.  The district court had the statutory authority to impose the sentence in this case.

A court must state, on the record, its reasons for employing a particular sentence.  Iowa R. Crim. P. 2.23(3)(d).  The statement may be terse and succinct, so long as we remain able to review the trial court's use of its discretion. *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010).  Terse and succinct would

be accurate words to describe the district court's explanation in this case.  During the hearing, the court stated:

> The law of Iowa requires the court impose a sentence that will best provide for your rehabilitation, protect the community, and deter others from committing this crime.  The fact that this is a second offense and given the record cited by the State, the court finds that the recommendation of the State is appropriate in this matter.

The district court specifically relied upon Celindro's history of substance abuse when imposing the sentence.  This is one finding required by section 901.4A when ordering a substance abuse evaluation.  Though the district court's statement of reasons was concise, we find it sufficient for the limited question of whether reasons were given to justify the imposition of the substance abuse evaluation.[2]

**AFFIRMED.**

---

[2] Iowa Code section 811.2(1)(b) (Supp. 2013) requires a substance abuse evaluation in cases such as this one.  Whether sufficient reasons were given or not, the district court would in all cases be required to order a substance abuse evaluation.  We also find Celindro's written guilty plea acknowledges she will be required to follow through with any treatment recommended by a substance abuse evaluation.