**IN THE COURT OF APPEALS OF IOWA**

No. 13-1894
Filed August 27, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON LAUFENBERG,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jackson County, Mark D. Cleve, Judge.

Jason Laufenberg appeals from his sentence for three probation violations. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, and Sara Davenport, County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Jason Laufenberg appeals, claiming the district court erred in issuing a separate sentence for each of his three separately-proven probation violations. He asserts the court did not have authority to impose a penalty for contempt and revoke his deferred judgment in the same proceeding. He further argues trial counsel was ineffective for failing to raise this argument at the hearing. Because we conclude the district court is not prohibited from imposing separate sentences for separately-proven probation violations, we affirm.

On December 6, 2011, following a jury trial, Laufenberg was convicted of one count of theft by possession of stolen property, in violation of Iowa Code sections 714.1(4) and 714.2(2) (2011). The district court granted Laufenberg a deferred judgment with two years of probation. Several reports of probation violations were filed, including one on September 6, 2013, and two on October 25.[1] A hearing was held on the State's application for probation revocation on November 8, 2013.

The district court found all three violations had been proven and decided to "treat the violations separately and serially." The court revoked the deferred judgment and sentenced Laufenberg to five years, suspended, with respect to the September 6 violation. Regarding the two October 25 violations, the court held Laufenberg in contempt, sentencing him to ninety days on each count, to run concurrently. The court further ordered that upon completion of the contempt

---

[1] On April 5, 2013, Laufenberg was found to be in contempt after an earlier violation of his probation, and sentenced to thirty days in jail.

sentence, Laufenberg would be considered unsuccessfully discharged from his probation. Laufenberg appeals.

We review challenges to the district court's authority for correction of errors at law. *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005). To the extent Laufenberg is appealing the contempt issues, we will treat this as a petition for writ of certiorari. *See Matlock v. Weets*, 531 N.W.2d 118, 121 (Iowa 1995).

Laufenberg cites *State v. Keutla*, 798 N.W.2d 731, 734 (Iowa 2011), for the proposition that a district court does not have the authority to revoke a defendant's deferred judgment and punish him for contempt in the same proceeding. However, that case involved the district court sentencing Keutla for contempt in addition to revoking her deferred judgment, all for a single count of a probation violation. *Id.* at 731-32. Specifically, the *Keutla* court held:

> When we consider sections 907.3(1) and 908.11(4) together, seeking an interpretation that does not render portions of the statutes redundant or irrelevant, we conclude the district court, when addressing probation violations, may choose only one of the four discrete options provided in section 908.11(4) and that section 907.3(1) does not further authorize the court to revoke a deferred judgment and utilize the contempt option under 908.11(4) as if the original probation had been continued.

*Id.* at 734.

This holding does not impede the district court's authority to order contempt and revoke Laufenberg's deferred judgment when imposing these sentences for different counts of a probation violation. The court clearly has the authority to impose a different, discrete sentence for separately charged and proven offenses, regardless of whether the sentences were imposed in the same

proceeding. *See State v. Jacobs*, 607 N.W.2d 679, 682 (Iowa 2000) (noting sentences for multiple convictions were imposed in the same proceeding). As the State notes, three allegations of probation violation could have prompted three separate hearings. Combining three allegations into one hearing does not strip the court of its authority to impose a punishment upon each proven violation. *See id.*; *Keutla*, 798 N.W.2d at 734. Consequently, Laufenberg's argument fails. Because we reach this conclusion on the merits of his claim, we need not address his ineffective-assistance-of–counsel claim. We therefore affirm the district court.

**AFFIRMED.**