**IN THE COURT OF APPEALS OF IOWA**

No. 14-0528
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LISA LYNN RIMATHE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.


        A defendant appeals the revocation of her deferred judgment.

**PROBATION REVOCATION REVERSED, SENTENCE VACATED, AND CASE**

**REMANDED.**


        Justin T. Rogers of Rogers Law Firm, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, John P. Sarcone, County Attorney, and Joseph Crisp and

Stephan Bayens, Assistant County Attorneys, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Lisa Rimathe challenges the imposition of judgment and sentence on her offense of prescription fraud. She claims the district court contravened Iowa Code section 908.11 (2013) by revoking her deferred judgment after she received a jail sentence for contempt based on the same probation violation. Because under these circumstances the original probation violation cannot result in both a contempt punishment and imposition of a prison term, we reverse the revocation, vacate the sentence, and remand for further proceedings.

## I. Background Facts and Proceedings

These criminal proceedings started with the State filing a trial information charging Rimathe with one count of obtaining or attempting to obtain a prescription drug, hydrocodone, by fraud, a class "C" felony, in violation of Iowa Code sections 155A.23, 155A.24, and 124.401(1)(c)(8) (2013). But Rimathe's particular circumstances, according to her long-time therapist, date back to her childhood when "she was traumatized by being held in the attic of her uncle's home and molested for several years." Rimathe has a dual diagnosis, meaning she suffers from both mental health and substance abuse disorders. Rimathe has post-traumatic stress disorder and anxiety, as well as an addiction to opiates.

Rimathe entered a plea of guilty on September 11, 2013. On October 30, 2013, the district court granted Rimathe a deferred judgment and placed her on probation for two years with the following conditions: "Defendant shall successfully complete substance abuse treatment and aftercare. In addition, the Defendant shall comply with any mental health treatment recommendations."

The Department of Correctional Services (DCS) filed a report of violation on February 7, 2014, and an addendum on February 14, 2014. The probation officers alleged that while residing at Beacon of Life, Rimathe hid opiates in her room and also tested "positive for hydromorphone (extended release morphine)."

On February 21, 2014, Rimathe stipulated to violating the terms of probation "by having personal possession of prescription medications while at Beacon of Life,[1] by failing to report a failed [sic] prescription and by failing to provide an oxycodone prescription." That same day, the district court found Rimathe in contempt of court and ordered her to spend ten days in the Polk County Jail with credit for ten days served. The court continued her probation "subject to all the original terms" and an additional term: Rimathe was to remain in custody pending transport to Community Family Resources (CFR), a facility in Fort Dodge, for inpatient substance abuse. Rimathe also was to follow aftercare requirements, including placement at a halfway house unless waived by her probation officer.

Rimathe's defense counsel learned on March 5, 2014, that CFR required a "formal referral" from Employee and Family Resources (EFR) before Rimathe could be transferred there. Defense counsel was not aware her client's previous EFR evaluation recommending in-patient treatment from April 2013 "expired after six months." At counsel's request, Gabriel Twohey, a substance abuse assessment counselor, evaluated Rimathe at the jail on March 11, 2014. The next day, March 12, 2014, Twohey reported to defense counsel that CFR was

---

[1] Beacon of Life is a residential center for women in Des Moines.

not likely to accept Rimathe. On March 13, 2014, defense counsel filed a request for a hearing "to address the treatment issue."

On March 25, 2014, the DCS filed a report of violation addendum. The addendum stated "No Violations Found" and "NO WARRANT REQUESTED." In the comment and recommendation section, the probation officer described Rimathe's March 12, 2014 interview with evaluator Twohey: "The Defendant denied use of illegal substance by stating it was all a big misunderstanding." The DCS recommended if Rimathe "fails to be honest to the violations she has stipulated to, then her probation be revoked and the original sentence be imposed."

The court set a hearing for March 28, 2014. At the start of the hearing, the court asked defense counsel to explain its purpose. As counsel provided background information, the court interrupted saying: "[T]the violation is moot. That's been conceded. You're asking this Court to change the dispositional order that was entered by Judge Romano; correct?" Defense counsel responded: "The problem we have is Ms. Rimathe remains willing to go to CFR. It's just we don't have a referral there." Counsel then asked if the court could order CFR to take Rimathe or if the court would consider an alternative placement for substance abuse treatment. The court asked how "the remedy of CFR" came to the court's attention. Defense counsel explained it was suggested by the probation officer, agreed to by Rimathe, and jointly recommended to the court by defense counsel and the county attorney. The court chastised both attorneys for making the CFR recommendation without doing their "homework."

Defense counsel presented the only two witnesses: Winnie Hall, who had been Rimathe's therapist for twenty-five years, and Gabriel Twohey, who performed the recent evaluation. Hall testified she believed out-patient treatment would be most effective for Rimathe. Hall also testified in-patient treatment programs were not likely to accept Rimathe because of the "forced sobriety" she had undergone during her extended time in jail. Twohey testified she could not recommend residential treatment for Rimathe "due to the fact she denied using" controlled substances while on probation. Twohey acknowledged Rimathe admitted using medication prescribed by her physician and admitted that she was an addict.

After discussing its options with counsel, the court asked: "How many times have we been through probation revocation issues in this case?" The county attorney acknowledged they were still dealing with "the first report of violation." The court then took a recess to attend to other matters and ordered Rimathe back to the courtroom later in the day "for sentencing."

Over the lunch hour, Twohey performed a follow-up assessment of Rimathe. Rimathe told Twohey she failed to disclose certain issues in her previous evaluation at the jail, including the misuse of her medication. Twohey's report, offered as an exhibit,[2] stated "based on the new information, client meets the criteria for CFR inpatient treatment." The evaluation stated Rimathe's motivation "could be enhanced by fear of prison."

---

[2] We note Twohey's follow-up report was provided as Defendant's Exhibit I for the purposes of this appeal, but Defendant's Exhibits A through I were received into evidence before the lunch-hour recess, suggesting the new report was substituted for the old report.

Upon reconvening the hearing, the court said it had "a great deal of respect for Ms. Twohey," but found the second report was "more than convenient." The court then revoked Rimathe's deferred judgment and sentenced her to an indeterminate prison term of ten years with a one-third mandatory minimum.

Rimathe now appeals. She claims the district court erred in revoking her deferred judgment and diverging from the recommendations of the presentence investigation report. She also argues her trial counsel provided ineffective assistance.

## II. Scope and Standards of Review

To the extent the question is the district court's compliance with section 908.11, we review for the correction of errors at law. *State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011). The State must establish an alleged probation violation at the revocation hearing by a preponderance of the evidence. *Rheuport v. State*, 238 N.W.2d 770, 772 (Iowa 1976).

Our review of the claim of ineffective assistance of counsel would be de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

## III. Analysis of Probation Revocation

Rimathe argues the district court erred in revoking her deferred judgment when the court already addressed her original probation violation with a contempt sanction and continuation of probation on February 21, 2014. She contends absent an evidentiary hearing or a stipulation by the defendant establishing a new probation violation or a need to correct a previously entered illegal sentence,

the court's new or modified disposition violated the requirement of section 908.11 that a probation violation be established by a preponderance of the evidence.

In response, the State characterizes Rimathe's situation as "unique as compared to our prior case law that analyzes a district court's authority to impose a particular penalty as a result of a probation violation." The State recognizes *Keutla* clarified that when addressing a probation violation, the district court may choose only one of the four discrete options in section 908.11(4). *See* 798 N.W.2d at 733–34. *Keutla* held that a district court was not authorized to "revoke a deferred judgment and utilize the contempt option" in the same proceeding. *Id.* at 735. But the State contends this case introduces a "new quirk" such that *Keutla* should not preclude the court's revocation decision.

Our attempt to reconcile the parties' positions starts with the language of section 908.11, which states in pertinent part:

> 1. A probation officer or the judicial district department of correctional services having probable cause to believe that any person released on probation has violated the conditions of probation shall proceed by arrest or summons as in the case of a parole violation.
> . . . .
> 4. If the violation is established, the court may continue the probation or youthful offender status with or without an alteration of the conditions of probation or a youthful offender status. If the defendant is an adult or a youthful offender the court may [1] hold the defendant in contempt of court and sentence the defendant to a jail term while continuing the probation or youthful offender status, [2] order the defendant to be placed in a violator facility established pursuant to section 904.207 while continuing the probation or youthful offender status, [3] extend the period of probation for up to one year as authorized in section 907.7 while continuing the probation or youthful offender status, or [4] revoke the probation or youthful offender status and require the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of

sentence was deferred, may impose any sentence which might originally have been imposed.

After Rimathe stipulated to violating the terms of her probation by possessing prescription medications at the residential facility, the district court held her in contempt and sentenced her to ten days in jail and continued her probation with the additional term that she obtain in-patient substance abuse treatment at CFR. *Keutla* would suggest that having already exercised the contempt option, the district court could not choose a second remedy under section 908.11(4) based on the same stipulated probation violation.

The State argues Rimathe's case is different from *Keutla* because after the contempt finding Rimathe "was not cooperative and, as a result, could not obtain a referral to the agreed-upon impatient facility." The State contends this case "demonstrates a district court's need to reassess an order when the order is rendered unfeasible as a result of the defendant's conduct." This contention overlooks the reality recognized by the district court at the March 28, 2014 hearing, that is, the State was "just as responsible" as the defense for making a recommendation for a placement that had not been researched.

Despite its complicity in making a recommendation for a placement that had not been properly vetted, the State now asserts: "In essence, Rimathe's inability to fulfill the additional term of her probation that required inpatient treatment was the equivalent of a probation violation." We find this assertion to be telling.

If Rimathe's inability to fulfill the additional term of inpatient placement at a specific facility constituted a new probation violation, the State should have

moved forward with a report of violation and proved the violation by a preponderance of the evidence at the March 28, 2014 hearing. But the State did not do so. The DCS's addendum filed March 25 did not purport to find a violation nor did it request a warrant issue for Rimathe. The State presented no evidence at the hearing; only the defendant presented witnesses. In fact, the State did not directly advocate for revocation of Rimathe's deferred judgment at the hearing. At one point in the hearing, the court expressed its frustration with its limited options, given neither inpatient nor outpatient placement seemed to be viable alternatives, and asked the State what other alternatives were available. The assistant county attorney replied: "Legally the Court doesn't have any other alternative. The problem goes back to, then is the Court going to rescind the order that was present to Judge Romano and signed, because that overstates contempt time and continued probation."

In the absence of a new violation, pleaded and proven by the State, we find *Keutla*'s interpretation of section 908.11(4) to prohibit the revocation ordered by the district court. Based on Rimathe's stipulation to a probation violation, the district court sentenced her for contempt and extended her probation with a new condition of inpatient treatment. The State now alleges Rimathe's jail interview with evaluator Twohey showed uncooperativeness or minimization that constituted a violation of the new term. But Rimathe did not stipulate to that violation nor did the State allege or prove that violation. Accordingly, we find the revocation of her deferred judgment did not comply with the requirements of section 908.11.

We reverse the court's revocation of the deferred judgment, vacate the imposition of sentence, and remand for further proceedings consistent with this opinion.[3]

**PROBATION REVOCATION REVERSED, SENTENCE VACATED, AND CASE REMANDED.**

---

[3] Because we reverse on the defendant's first claim, we need not address her allegations concerning the court's departure from the recommendation in the PSI report or ineffective assistance of counsel.