# IN THE COURT OF APPEALS OF IOWA

No. 17-0035
Filed November 8, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MADDISON MARY MILLER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

　　　　Maddison Miller appeals the revocation of a deferred judgment and imposition of judgment and sentence following a probation violation. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**

　　　　Nathan A. Olson of Branstad Law, P.L.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Maddison Miller pled guilty to fourth-degree theft, a serious misdemeanor. *See* Iowa Code §§ 714.1(1), .2(4) (2016). On October 6, 2016, the district court granted her a deferred judgment, ordered her to complete one year of probation, and imposed, among other things, a civil penalty in the amount of $315. A probation-violation report was subsequently filed alleging, on October 14, Miller violated the terms of her probation by consuming alcohol. Miller stipulated to the violation. On October 27, the district court found her in contempt and ordered her to serve ten days in jail but continued her probation and allowed her an opportunity to purge the contempt by complying with certain conditions. A hearing on whether Miller completed the conditions necessary for purging the contempt was scheduled for February.

A second probation-violation report was filed on November 22, alleging Miller again violated the terms of her probation by consuming alcohol and lying to a probation officer. The judicial district department of correctional services (DCS) requested the February purge-of-contempt hearing be cancelled and recommended Miller's deferred judgment and probation be revoked. Miller stipulated to the new report that she violated the terms of her probation and, on December 8, the district court revoked her deferred judgment and probation, adjudged her guilty of fourth-degree theft, and sentenced her to ninety days of incarceration.[1] In determining Miller's sentence, the court noted it considered the public's need for protection from further offenses, Miller's statement, and her substance-abuse history.

---

[1] The court made no mention of the pending purge-of-contempt hearing.

Miller appeals. We will consider her various arguments in turn. We review the district court's revocation-of-probation decision for correction of errors at law. *See* Iowa R. App. P. 6.907; *State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011).

First, Miller argues the district court committed legal error in revoking her deferred judgment and imposing judgment and sentence. The first component of Miller's argument is that the district court erroneously imposed more than one of the consequences provided in Iowa Code section 908.11(4). Miller relies on *Keutla*, in which our supreme court held "the district court, when addressing probation violations, may choose only one of the four discrete options provided in section 908.11(4)." 798 N.W.2d at 734. This holding, however, is limited to instances in which the district court imposes multiple section 908.11(4) punishments "in the *same proceeding* for violation of the terms of the probation." *Id.* at 735 (emphasis added).

In *Keutla*, the district court revoked the defendant's deferred judgment, imposed judgment and sentence, and ordered the defendant to serve jail time for contempt, in relation to a *single* probation-violation proceeding. *Id.* at 732. Here, the two separate punishments, (1) contempt and (2) revocation of the deferred judgment, were entered in two *separate* probation-violation proceedings. The district court properly imposed one sentencing option under section 908.11(4) as to each of the separate and distinct reports of violation.[2] *See State v. Laufenberg*, No. 13-1894, 2014 WL 4230950, at *1 (Iowa Ct. App. Aug. 27, 2014)

---

[2] There is nothing in our record showing the contempt penalty was ever actually enforced.

(recognizing *Keutla* "involved the district court sentencing Keutla for contempt in addition to revoking her deferred judgment, all for a *single count* of probation violation" and concluding "the district court is not prohibited from imposing separate sentences for separately-proven probation violations" and "the court clearly has the authority to impose a different, discrete sentence for separately charged and proven offenses, regardless of whether the sentences were imposed in the same proceeding" (emphasis added)); *see also State v. Rimathe*, No. 14-0528, 2015 WL 1817027, at *4 (Iowa Ct. App. Apr. 22, 2015) (noting "*Keutla* would suggest that having already exercised the contempt option, the district court could not choose a second remedy under section 908.11(4) based on the *same stipulated probation violation*" and "[i]n the absence of a *new violation*, . . . *Keutla*'s interpretation of section 908.11(4) . . . prohibit[s] the revocation" of a deferred judgment after contempt is already employed (emphasis added)).

Miller next argues the district court committed legal error because "the grounds on which the district court relied" in revoking the deferred judgment and imposing judgment and sentence were "not supported in the record." She contends the sentencing decision was based on the district court's "mistaken belief that [her] maximum possible term of probation had expired and outstanding court debt remained under Iowa Code section 602.8107." As noted, in revoking the deferred judgment, imposing judgment, and determining Miller's sentence, the court noted it considered the needs of the public for protection from further offenses, Miller's statement, and her substance-abuse history. In a separate section of the probation order, the court noted "[t]he maximum term of probation

has expired and the Defendant has outstanding Court debt," but this was merely a statement of fact that Miller—now ordered to incarceration—was no longer on probation and her court debt was referred for collection. This statement was not noted as a sentencing consideration but was explaining a separate ordered provision. We find no legal error.

Next, Miller contends the district court erred "in failing to convert or otherwise give [her] credit for the civil penalty." The form probation order used by the district court contained various boxes that could be checked to reflect the sentence imposed. A blank in the text of one of the sentencing options was filled in, but the corresponding box was not checked. This sentencing option stated: "Defendant's civil penalty is converted to a fine of $ 315 plus surcharge & court costs (Defendant shall be given credit for any civil penalty the Defendant has previously paid in this matter)." *See* Iowa Code § 908.11(5) ("[I]f the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14.").

The State contends "the court's failure to check the box does not show it failed to give Defendant credit for any civil penalty" previously assessed. Although we acknowledge the likelihood the failure to check the box was a scrivener's error, the fact remains that without the box checked, we cannot be certain the court (1) imposed the required fine and (2) reduced the fine by the amount of the civil penalty previously imposed. The confusion does not end there, as the record on appeal includes a docket entry entitled "Request for

Execution," which indicates Miller, at the time of its filing in March 2017, was responsible for $630 in fines. This amount is peculiarly equal to the sum of the civil penalty previously assessed, $315, and the minimum fine of $315 for a serious misdemeanor. *See* Iowa Code § 903.1(b). Under these circumstances we determine the order, lacking clarity concerning the required fine and credit for civil penalty, is not a legal sentence. *See State v. Wade*, 757 N.W.2d 618, 628 (Iowa 2008). Accordingly, we vacate that portion of the order and remand for a corrected judgment entry.[3]

Miller finally argues the district court's revocation of the deferred judgment and imposition of sentence was an abuse of discretion because at least one, if not all, of the considerations noted by the district court in sentencing are unsupported by the record.[4] The court based its sentence on protection of the public from further offenses, Miller's statement, and her substance-abuse history. First, Miller contends "there is not substantial evidence in the record to support reliance on" her statement. It is clear that Miller stipulated to violating the rules of her probation, not once, but on two separate occasions. Such stipulations are proper statements on the part of the Miller for the district court to consider in sentencing, and it supports the district court's ultimate sentencing decision. Second, Miller argues "there is no evidence in the record that [she] had a 'substance abuse history' as indicated by the district court." To the contrary, one of the probation violation reports noted Miller "has a significant drug and alcohol

---

[3] Under these circumstance, we see no need for a resentencing hearing.
[4] Again, Miller argues the court considered in sentencing "that the maximum possible term of probation had expired and [she] had outstanding court debt." We repeat our conclusion that this was not a sentencing consideration. We therefore do not consider it in our analysis.

abuse history and has been to several treatment centers" but "[i]t does not appear that the treatment has been beneficial." The district court's consideration of Miller's substance-abuse history was properly supported by the record. Finally, Miller asserts "there is no indication as to what the court believed to be conduct by Miller from which the public needed protection." The record reveals that, prior to her guilty plea in this matter, she was already under the supervision of the DCS as a result of a second-offense, operating-while-intoxicated charge coupled with a child-endangerment charge. After her guilty plea in this matter, Miller repeatedly violated the terms of her probation by consuming alcohol. The consideration that the public is in need of protection from Miller's further offenses is supported by the record. We find no abuse of discretion in the district court's sentencing decision.

Finding no legal error or abuse of discretion, we affirm the district court's revocation of Miller's deferred judgment and the subsequent imposition of judgment. However, we vacate the current order regarding the fine and civil penalty, affirm all remaining provisions of the sentence, and remand the matter to the district court for the entry of a corrected order specifying the fine imposed and reducing Miller's fine by an amount equal to the amount of the civil penalty previously assessed.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**