**IN THE COURT OF APPEALS OF IOWA**

No. 18-1897
Filed April 1, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MONICA MARIE SANDOVAL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, James D. Birkenholz,

District Associate Judge.


        Monica Sandoval challenges her judgment and sentence for the offense of

fourth-degree theft.   **PROBATION REVOCATION REVERSED, SENTENCE**

**VACATED, AND CASE REMANDED.**


        Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


        Heard by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Monica Sandoval challenges the imposition of judgment and sentence on her offense of fourth-degree theft. She claims the district court contravened Iowa Code section 908.11 (2017) by imposing a jail sentence for contempt and revoking her deferred judgment based on the same probation violation. Because under these circumstances the original probation violation cannot result in both a contempt punishment and revocation of her deferred judgment, we reverse the revocation of Sandoval's deferred judgment, vacate the imposition of sentence, and remand for further proceedings consistent with this opinion.

## I. Background Facts & Proceedings

On November 30, 2017, Sandoval pleaded guilty to theft in the fourth degree, in violation of Iowa Code sections 714.1(1) and 714.2(4). The court deferred judgment and placed Sandoval on probation. She was ordered to complete a first-time offender class within ninety days and complete fifty hours of community service within 180 days.

On April 13, 2018, Sandoval's probation officer filed a report of violation, alleging Sandoval had not completed the ordered class or her community service obligations and had failed to pay her probation supervision fee.

On June 13, Sandoval stipulated to not completing the class and needing to complete another forty-eight hours of community service. The court found Sandoval in contempt of court with an order to serve twenty days in jail but allowed

her the opportunity to purge the contempt by completing the class and fifty hours of community service before October 31.[1]

On October 31, Sandoval had not completed the required hours of community service. No additional report of violation was filed. The court imposed the contempt sentence of twenty days in jail. The court also revoked Sandoval's deferred judgment and adjudicated her guilty of theft in the fourth degree. The court sentenced Sandoval to incarceration for twenty days, suspended the sentence, and credited her with any time served.

Sandoval appeals.

## II. Standard of Review

Our review of Sandoval's claim the district court exceeded its jurisdiction or authority is for correction of errors at law. *See State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011). Our supreme court, upon its own motion, granted Sandoval's request to treat the contempt appeal as a petition for writ of certiorari. Our review for this portion of the appeal is also for correction of errors at law. *See id.* at 732–33.

## III. Analysis

Sandoval claims the court lacked the authority to revoke her deferred judgment and impose a contempt punishment in the same proceeding for violation of the terms of her probation.

Iowa Code section 908.11(4) gives the court four discrete options following a probation violation: "(1) continue probation with or without altering the terms;

---

[1] The fifty hours included the forty-eight hours still outstanding from the initial order plus two additional hours.

(2) continue probation, but hold the defendant in contempt and impose a jail term; (3) continue probation and place the defendant in a violator facility; or (4) revoke probation and impose a sentence for the original conviction." *See Keutla*, 798 N.W.2d 733–34 ("[T]he district court, when addressing probation violations, may choose only one of the four discrete options provide in section 908.11(4) . . . ."). The court does not have the authority to revoke deferred judgment and punish for contempt in the same proceeding for the same violation of the terms of probation. *Id.* at 735.

We have addressed similar questions since *Keutla*, two of which appear relevant to the case before us: *State v. Rimathe*, No. 14-0528, 2015 WL 1817027, at *1 (Iowa Ct. App. Apr. 22, 2015), and *State v. Miller*, No. 17-0035, 2017 WL 5178461, at *1 (Iowa Ct. App. Nov. 8, 2017).

In *Rimathe*, the defendant stipulated to violating the terms of her probation as alleged in a probation violation report. 2015 WL 1817027, at *1. The court found her in contempt and ordered her to spend ten days in jail. *Id.* The court also added an additional term to Rimathe's probation. *Id.* Approximately one week later, a report of violation addendum was added that stated "No Violations Found" and specified no warrant was requested but included a comment and recommendation that her probation be revoked and sentence imposed. *Id.* at *2. We held, "In the absence of a new violation, pleaded and proven by the State, we find *Keutla*'s interpretation of section 908.11(4) to prohibit the revocation ordered by the district court." *Id.* at *4. The district court had already sentenced Rimathe on contempt and extended her probation for the stipulated probation violation. *Id.* The State did not allege or prove a second probation violation, nor did Rimathe

stipulate to an additional violation. *Id.* We found the revocation of her deferred judgment did not comply with the statute. *Id.*

In *Miller*, the defendant stipulated to a probation violation report and the court found her in contempt and ordered her probation continued. 2017 WL 5178461, at *1. The district court allowed Miller a chance to purge the contempt by complying with certain conditions. *Id.* A second probation-violation report was filed approximately one month later, and Miller stipulated to the second report. *Id.* At the probation revocation hearing, "the district court revoked her deferred judgment and probation, adjudged her guilty of fourth-degree theft, and sentenced her to ninety days of incarceration." *Id.* We upheld the court's actions because "the two separate punishments, (1) contempt and (2) revocation of the deferred judgment, were entered in two separate probation-violation proceedings. The district court properly imposed one sentencing option under section 908.11(4) as to each of the separate and distinct reports of violation." *Id.*

Because only one report of violation was filed here, we find *Rimathe* more instructive. At the initial probation revocation hearing, the court exercised the contempt option of Iowa Code section 908.11(4). Although Sandoval failed to purge the contempt prior to the second hearing, no separate and distinct report of violation was filed or otherwise entered into the record. Because the court had already sentenced Sandoval on contempt and extended her probation on the single report of probation violation, the court did not have the authority to impose a second punishment under section 908.11(4).

We reverse the court's revocation of the deferred judgment, vacate the imposition of sentence, and remand for further proceedings consistent with this opinion.

**PROBATION REVOCATION REVERSED, SENTENCE VACATED, AND CASE REMANDED.**