# IN THE COURT OF APPEALS OF IOWA

No. 20-0700
Filed February 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL AJ NELSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Tabitha Turner, District Associate Judge.

Michael Nelson appeals a sentencing order entered by the district court. **PROBATION REVOCATION REVERSED, SENTENCE VACATED, AND CASE REMANDED.**

Kelsey L. Knight of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

This appeal requires us to determine whether the district court's resolution of a stipulated probation violation comported with Iowa Code section 908.11(4) (2018) as interpreted by the supreme court.

Michael Nelson pled guilty to pimping and possession of a dangerous weapon while under the influence. *See* Iowa Code §§ 725.2, 724.4C. The district court sentenced him to a deferred judgment on the pimping count and placed him on probation. The court sentenced him to a jail term not exceeding one year on the dangerous weapon count, suspended the sentence, and placed him on probation.

In time, the department of correctional services filed a report of probation violation and an addendum citing a new charge of third-degree sexual abuse in Calhoun County and several charges in Hamilton County. Nelson stipulated to "new charges in Hamilton County case FECR 341496," specifically stating he "ple[d] guilty to Driving While Barred on 2-7-2020." He waived his right to hearings on the report of probation violation. The district court filed a probation violation order finding: "The Defendant stipulates to hav[ing] violated the terms of probation by: As set forth in [report of violations] and written Stipulation; [pled guilty] to Driving While Barred in Hamilton Co. Pending charges in Calhoun County." The court subsequently entered an order finding Nelson "STIPULATED . . . to having violated the terms of his probation by pleading guilty to a new offense of [driving while barred] and being arrested on a new offense, both in Hamilton County." The court found Nelson in contempt and ordered him to serve 124 days on the dangerous weapons count and continue on probation. The court also revoked Nelson's

deferred judgment on the pimping count, imposed a five-year prison term, suspended the term, and continued him on probation.

On appeal, Nelson contends "the district court erred when it found [him] in contempt of court and revoked his deferred judgment following [his] probation violation." In his view, the court "improperly ordered two of the four options set forth in Iowa Code [section] 908.11(4)."

Section 908.11(4) states:

> If the violation is established, the court may continue the probation or youthful offender status with or without an alteration of the conditions of probation or a youthful offender status. If the defendant is an adult or a youthful offender the court may hold the defendant in contempt of court and sentence the defendant to a jail term while continuing the probation or youthful offender status, order the defendant to be placed in a violator facility established pursuant to section 904.207 while continuing the probation or youthful offender status, extend the period of probation for up to one year as authorized in section 907.7 while continuing the probation or youthful offender status, or revoke the probation or youthful offender status and require the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed.

The provision sets forth "four alternatives from which the court may choose when addressing a probation violation": "(1) continue probation with or without altering the terms; (2) continue probation, but hold the defendant in contempt and impose a jail term; (3) continue probation and place the defendant in a violator facility; or (4) revoke probation and impose a sentence for the original conviction." *State v. Keutla*, 798 N.W.2d 731, 733 (Iowa 2011). The provision does not authorize the imposition of more than one of the alternatives "in the same proceeding for violation of the terms of the probation." *Id.* at 735.

This court has applied *Keutla* in several cases, most recently in *State v. Sandoval*, No. 18-1897, 2020 WL 1548477 (Iowa Ct. App. Apr. 1, 2020). There, the defendant was found in contempt for violating her probation by not completing an ordered class and additional hours of community service. *See* 2020 WL 1548477, at *1. The defendant failed to purge the contempt by completing the community service hours within the court-imposed deadline. *Id.* "No additional report of violation was filed." *Id.* The district court imposed the contempt sentence and also revoked the defendant's deferred judgment. *Id.* On appeal, the defendant argued the court "lacked the authority to revoke her deferred judgment and impose a contempt punishment in the same proceeding for violation of the terms of her probation." *Id.* The court of appeals agreed. We stated,

> At the initial probation revocation hearing, the court exercised the contempt option of Iowa Code section 908.11(4). Although [the defendant] failed to purge the contempt prior to the second hearing, no separate and distinct report of violation was filed or otherwise entered into the record. Because the court had already sentenced [the defendant] on contempt and extended her probation on the single report of probation violation, the court did not have the authority to impose a second punishment under section 908.11(4).

*Id.* at *2; *see also State v. Rimathe*, No. 14-0528, 2015 WL 1817027, at *4 (Iowa Ct. App. Apr. 22, 2015) ("In absence of a new violation, pleaded and proven by the State, we find *Keutla*'s interpretation of section 908.11(4) to prohibit the revocation ordered by the district court."); *cf. State v. Miller*, 17-0035, 2017 WL 5178461, at *1 (Iowa Ct. App. Nov. 8, 2017) (noting "the two separate punishments, (1) contempt and (2) revocation of the deferred judgment, were entered in two *separate* probation-violation proceedings. The district court properly imposed one sentencing option under section 908.11(4) as to each of the separate and distinct

reports of violation."); *State v. Laufenberg*, No. 13-1894, 2014 WL 4230954, at *1 (Iowa Ct. App. Aug. 27, 2014) ("The court clearly has the authority to impose a different, discrete sentence for separately charged and proven offenses, regardless of whether the sentences were imposed in the same proceeding.").

We believe Nelson's case aligns more with *Sandoval* and *Rimathe* than with *Miller* and *Lautenberg*. Although the record is not a model of clarity given Nelson's waiver of the probation violation hearings, his stipulation addressed a single established violation—his guilty plea to driving while barred. While the stipulation mentioned other "charges" in Hamilton County there is no indication in our record that those charges were "established" as required by section 908.11(4) Nor was the charge in Calhoun County "established" at the time the court revoked the deferred judgment. In the absence of additional established probation violations, we conclude it was error to impose more than one alternative set forth in section 908.11(4). *See Keutla*, 798 N.W.2d at 732 (reviewing the issue for errors of law).

We reverse the district court's revocation of Nelson's deferred judgment, vacate the sentence, and remand the case for resentencing.

**PROBATION REVOCATION REVERSED, SENTENCE VACATED, AND CASE REMANDED.**