**IN THE COURT OF APPEALS OF IOWA**

No. 22-0163
Filed April 26, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT CONRAD STORM,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

The defendant challenges the district court's decision to revoke his deferred judgment and impose his original term of incarceration following a number of probation violations. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Vaitheswaran, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

Robert Storm pled guilty to attempted burglary; he received a deferred judgment and was placed on probation for two years. One of the requirements of Storm's probation was residing in a residential correctional facility for up to 365 days. Just a few months later, in November 2021, the judicial district department of correctional services alleged Storm violated the terms of his probation by, among other things, leaving the correctional facility without approval.

At the probation revocation hearing that followed, Storm admitted violating the terms of his probation on October 26, 2021, when he returned to the correctional facility more than one hour late and, upon his return, gave a breath sample with a blood alcohol content of .046. The State alleged seven other probation violations, which Storm did not admit; the State elected to proceed with an evidentiary hearing on the remaining violations. Storm's probation officer testified for the State. Storm did not put forth a defense. At the conclusion of the presentation of evidence, the district court orally ruled that all of the violations were "established by a preponderance of the evidence through the testimony of the State's witness."

After establishing the probation violations, the State asked the court to revoke Storm's deferred judgment and impose the original two-year sentence. The district court agreed with the recommendation; it entered judgment against Storm for attempted burglary and sentenced him to a term of incarceration not to exceed two years (with credit for time previously served).

Storm appeals, arguing the district court abused its discretion in revoking his deferred judgment and sentencing him to a term of incarceration. He maintains

the district court "did not adequately consider [his] mental health issues" and that "keeping [him] on probation and supervising him was a more appropriate and effective way to address" his probation violations.

Storm has good cause for this appeal. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause for an appeal because the defendant "challenge[d] the order revoking her deferred judgment and entering a conviction and sentence" and "the alleged error arose after the court accepted [the defendant's] guilty plea"). "Where, as here, a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). "An abuse of discretion is only found when the sentencing court exercises its discretion on grounds or for reasons untenable or to an extent clearly unreasonable." *Id.*

In making its recommendation to the court, the State noted that Storm refused to comply with either the terms of his probation or "his mental health needs and recommendations from medical professionals." It argued Storm "keeps creating victims in our community" as a result of his "refusal to get help from his mental health providers." And the State referenced that Storm's "chances on pretrial release" and probation "just did not go well." In deciding to revoke his deferred judgment and impose the term of incarceration, the district court recognized Storm's "mental health issues" but noted "he's not amenable to supervision." The court also recognized that "Storm [was] probably close to having

this time served or at least enough to where the Department of Correctional Services will not hold him long, if at all."[1]

The decision to revoke Storm's deferred judgment and impose the original sentence was an option properly before the court. *See* Iowa Code § 908.11(4). And "[t]he district court has broad discretion in determining whether probation should be continued or revoked." *State v. Covel*, 925 N.W.2d 183, 188 (Iowa 2019). While Storm urges a different option would have been better and argues the district court should have placed more weight on his mental-health issues, neither of these arguments point to an abuse of the court's broad discretion. *See State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (recognizing sentencing courts are "afforded . . . a significant amount of latitude because of the 'discretionary nature of judging'" (citation omitted)); *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("Each judge must grapple with the facts and circumstances in the case before him and arrive at the sentence he regards as right. The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." (internal citation omitted)).

---

[1] While Storm asked the court to "expunge this"—which the court did not do—he also asked to be released, claiming he did not "deserve any more time in jail." Imposing the original sentence, which everyone anticipated would be discharged almost immediately after Storm was taken into custody by the department of corrections, was more in line with Storm's request than the court's other options. *See* Iowa Code § 908.11(4) (2022); *see also State v. Keutla*, 798 N.W.2d 731, 733–34 (Iowa 2011) (holding that, after a probation violation, the district court may choose one of the four options in section 908.11(4): "(1) continue probation with or without altering the terms; (2) continue probation, but hold the defendant in contempt and impose a jail term; (3) continue probation and place the defendant in a violator facility; *or* (4) revoke probation and impose a sentence for the original conviction").

Because the district court chose an option properly before it and Storm has not shown the court abused its discretion in reaching its decision, we affirm.

**AFFIRMED.**