STATE of Iowa, Appellee,

v.

David AUSTIN, Appellant.

No. 97–1284.

Supreme Court of Iowa.

Oct. 21, 1998.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN,* JJ.

LARSON, Justice.

David Austin was convicted of second-degree sexual abuse and appealed, claiming error in (1) admitting into evidence a videotaped interview of the victim, and (2) sentencing Austin to serve a minimum of one-half of a twenty-five-year sentence. We affirm the conviction but vacate the sentence and remand for resentencing.

## I. *Facts.*

This case involves an eight-year-old female victim, A.H. Austin had lived with the girl's mother and her three children since December 24, 1995. On May 7, 1996, the victim's mother left the family home to take one of her children to the doctor. She made arrangements for A.H. to go to a friend's apartment after school. However, A.H. did not go directly to the friend's apartment but stopped by her own apartment.

A.H. testified that when she got home Austin was there. She told him that she was supposed to go to her friend's house. Austin accused her of lying. He told her to go to her room and remove her clothes, and she complied. Austin came into the room and told her to turn away from him. A.H. provided slightly divergent testimony about whether she was standing up or leaning over the bed when the defendant touched her from behind. She then described the alleged assault.

A.H. told her cousin about the incident, and the report found its way to the victim's mother, who immediately took her to a doctor. This doctor referred A.H. to Dr. Opdebeeck, a specialist who concluded that A.H. probably suffered vaginal penetration consistent with the abuse allegation.

Shannon Cooper, a social worker at St. Luke's Child Protection Center, videotaped an interview with A.H. prior to Dr. Opdebeeck's examination. An officer of the Waterloo Police Department, a police investigator, and a member of the child abuse unit of

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1997).

the department of human services, observed Cooper's interview through a two-way mirror.

## II. *The Videotape.*

 The court admitted the videotape of the interview on the ground that the defendant had "opened the door" by cross-examining the victim, using a summary of the videotape. We review a trial court's ruling on admissibility of evidence under such circumstances for an abuse of discretion. *State v. Padgett*, 300 N.W.2d 145, 147 (Iowa 1981).

The videotaped interview was summarized, and prior to trial, the State furnished Austin with a copy of the summary. Austin did not receive a copy of the videotape itself. Using the summary, Austin's attorney attempted to highlight inconsistencies between A.H.'s statements at the interview and her testimony at trial. The State argued, successfully, that Austin's use of parts of the summary of the interview opened the door for the State to introduce the whole videotape.

Austin objected that the tape was inadmissible hearsay and was not the best evidence because A.H. had already testified at trial. This exchange followed:

THE COURT: Okay, anything else, Mr. Werner?

MR. WERNER [Defense Counsel]: Well only that the summary that I used to cross-examine [A.H.] and quoted from was furnished to me by the prosecution and is supposedly a complete—a[n] accurate summary of the tape.

THE COURT: Well when you—when you did that and used it, did the whole thing go in or just parts of it?

MR. WERNER: Of course only parts of it.

THE COURT: Well then the rest of it could be put in, I would think, in order to make it complete. I don't know the answer to that. But that's typically, when part of the statement is introduced, the other party can put it all in. I think on the basis that it's being offered as a prior consistent statement and—and for the purposes of completeness, I will admit it....

In allowing the State to admit the videotape itself, the court relied on two rules of evidence, including rule 106(a), which provides:

When an act, declaration, conversation, writing, or recorded statement, or part thereof, is introduced by a party, any other part or any other act, declaration, conversation, writing, or recorded statement is admissible when necessary in the interest of fairness, a clear understanding, or an adequate explanation.

*See* 7 James A. Adams & Kasey W. Kincaid, *Iowa Practice* § 106.1, at 72 n. 11 (1988) [hereinafter Adams & Kincaid] ("Iowa Rule 106 establishes an independent standard for the admissibility of the additional evidence, thus obviating any debate concerning whether such evidence may be admitted only if otherwise admissible.").

 Austin proposes a restrictive reading of rule 106(a). He argues that, because his cross-examination was based on the summary of A.H.'s interview and he did not introduce either the summary or the videotape itself, the State failed to show a basis for the introduction of the videotape under rule 106(a). Under rule 106(a), we believe it is not the *form* of the evidence that opens the door, but rather the source and substance of the evidence that allegedly provides the predicate for offering the remainder of the "act, declaration, conversation, writing, or recorded statement...." Adams & Kincaid § 106.1, at 72 n. 11. Here, the defendant admits that parts of the summary were used in cross-examining the witness. We do not believe the actual introduction of the summary or the video was required to allow the State to introduce the video in response to Austin's cross-examination.

According to one commentary, a broad application of rule 106(a) should be favored:

By its own terms, rule 106 is applicable when all or part of an "act, declaration, conversation, writing, or recorded statement ... is introduced by a party...." Although a technical reading of the rule would limit its applicability to cases where the primary evidence is actually introduced, the underlying goal of the rule suggests that it should apply where testimony

concerning a document is elicited but the document itself is not formally introduced. A contrary result could enable litigants to circumvent the concerns of fairness and completeness upon which the rule is predicated.

Adams & Kincaid § 106.1, at 71.

In this case, Austin chose very specific points from the interview about which to cross-examine A.H. Taken out of the context of the entire interview, the jury might have concluded that A.H.'s statements at the interview were inconsistent with her testimony at trial concerning such matters as whether Austin beat her before or after the assault or both times. The videotaped interview also helped to clear up apparent inconsistencies pointed out on cross-examination on such matters as whether A.H. was standing or prone during the assault.

The court was well within its discretion in allowing introduction of the videotaped interview. Under similar evidence rules, other jurisdictions have agreed. *See, e.g., State v. Eugenio,* 219 Wis.2d 391, 579 N.W.2d 642, 653 (1998) (no abuse of discretion to allow state to admit sexual abuse victim's complete statements after defense counsel used selected portions for impeachment); *Hayes v. State,* 935 P.2d 700, 706 (Wyo.1997) (admitting police report under Wyoming Rule of Evidence 106 after defense counsel selectively used report in child sexual abuse trial). *But see Patterson v. State,* 111 Nev. 1525, 907 P.2d 984, 988 (1995) (declining to admit testimony under state rule of evidence similar to Federal Rule of Evidence 106).

Because the evidence was admissible under rule of evidence 106(a), we need not address the State's alternative argument that it was also admissible under rule of evidence 801(d)(1)(B).

### III. *The Sentencing Issue.*

■ Second-degree sexual abuse, a class "B" felony under Iowa Code section 709.3(2), is punishable by a prison term not to exceed twenty-five years. Iowa Code § 902.9(1).

When this crime was committed, May 7, 1996, our statute provided:

A person serving a sentence for conviction of a felony who has a criminal record of one or more prior convictions for a forcible felony or a crime of a similar gravity in this or any other state, shall be denied parole or work release unless the person has served at least one-half of the maximum term of the defendant's sentence. However, the mandatory sentence provided for by this section does not apply if either of the following apply:

1. The sentence being served is for a felony other than a forcible felony and the sentences for the prior forcible felonies expired at least five years before the date of conviction for the present felony.

2. The sentence being served is on a conviction for operating a motor vehicle while under the influence of alcohol or a drug under chapter 321J.

Iowa Code § 902.11 (1995). Under this section, Austin would be denied parole or work release before the expiration of one-half of his sentence because a conviction under section 709.3(2), sexual abuse, is a forcible felony, Iowa Code § 702.11, and he had previously been convicted of a forcible felony.

Austin contends that an amendment to section 902.11, effective after the crime was committed but before he was sentenced, ameliorated section 902.11 as to him. After this 1996 amendment, section 902.11(1) no longer imposes the parole or work release restrictions on a forcible felon if the prior sentence had expired five years or more before the date of the present conviction (which Austin's had). *See* 1996 Iowa Acts ch. 1151, § 2.

Austin contends he should have had the benefit of this amendment because of Iowa Code section 4.13, which provides:

If the penalty, forfeiture, or punishment for any offense is reduced by a re-enactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended.

*See generally State v. Chrisman,* 514 N.W.2d 57 (Iowa 1994) (defendant to get benefit of amended statute following commission of crime); *State v. Austin,* 503 N.W.2d 604 (Iowa 1993) (changes in classification of theft

statutes occurring prior to defendant's sentencing but after commission of offense required imposition of sentence under the amended statute). Under the prior version of section 902.11, Austin would have to serve half of his twenty-five-year sentence before being eligible for parole or work release. Under the amended version, he would not.

The State does not challenge Austin's argument that he should have the benefit of the amended version of section 902.11. But it argues that it makes no difference which version applies because section 902.11 is not a mandatory minimum sentencing provision; it is simply a restriction on the defendant's future chances for parole or work release.

We believe that the amendment to section 902.11 should have been applied in this case. Because Austin's prior sentence had expired at least five years prior to this conviction, the restrictions imposed on his eligibility for parole or work release should not have been included in the sentencing order.

■ It might be, as the State argues, this is only a restriction on the parole board, but the defendant should not be left to wonder for twelve and one-half years if the parole board will view it that way. Accordingly, we vacate the sentence and remand for imposition of a new sentence to omit the reference to the restrictions regarding Austin's eligibility for parole or work release. The State need not produce Austin to be personally present at the correction of the sentence. *See State v. Foster,* 318 N.W.2d 176, 179 (Iowa 1982).

> "[S]tage of the trial" as used in rule 25(1) [requiring presence of defendant] includes the trial itself, from the selection of the jury through the verdict and, in addition, all pretrial and post-trial proceedings when fact issues are presented or when their dispositions, for some other reason, will be significantly aided by the defendant's presence.

*Id.* None of these conditions exist here.

**CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.**