# IN THE COURT OF APPEALS OF IOWA

No. 22-1391
Filed December 20, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALFRED NICHOLAS DUPREE WILES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Tabitha Turner, District

Associate Judge.


        A defendant appeals the consecutive sentences imposed following

revocation of a deferred judgment and conviction for a domestic abuse assault

offense.  **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**



        Martha J. Lucey, State Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Alfred Wiles appeals the sentences imposed following revocation of his deferred judgment for possession of marijuana, first offense, and conviction for domestic abuse assault impeding air or blood flow. He claims the district court imposed illegal sentences by sending him to prison for one year on the marijuana charge and requiring him to complete the Iowa Domestic Abuse Program "while incarcerated."

The State concedes those two errors but contests the other sentencing challenges raised by Wiles—that (1) the district court abused its discretion by failing to (a) consider evidence that Wiles was in therapy, (b) provide Wiles with his right of allocution, and (c) state reasons for imposing consecutive sentences; and (2) he was denied due process by the prosecutor's presentation of evidence without advance notice. We vacate the illegal sentences and remand for resentencing.

## I.    Background Facts and Proceedings

In February 2022, while Wiles was on probation for assault while displaying a dangerous weapon, he pled guilty to possession of marijuana, first offense. The district court granted Wiles a deferred judgment and placed him on probation for one year. The next month, Wiles was charged with domestic abuse assault impeding air or blood flow causing bodily injury, a class "D" felony. *See* Iowa Code § 708.2A(5) (2022). A probation violation report and two addendums were filed in both cases in March. Wiles stipulated to these violations in June. That same month, he pled guilty to a reduced charge of domestic abuse assault impeding air

or blood flow, an aggravated misdemeanor. *See id.* § 708.2A(2)(d). The parties agreed they would be "free to argue for any legal sentence."

In the weeks after Wiles's stipulation and guilty plea, two more addendums to the probation violation report were filed. The report and each addendum stated Wiles was on probation for possession of marijuana, *second offense.*[1] A combined hearing on the new violations, the disposition for the prior violations, and sentencing on the domestic abuse assault charge was held in August. In the evidentiary phase of the hearing, the district court heard testimony from Wiles's probation officer before finding Wiles had violated his probation as alleged in the two new addendums.

Moving on to the disposition phase, defense counsel argued that Wiles should continue on probation. The court then heard a lengthy statement of allocution from Wiles, during which he talked about his weekly therapy and a head injury he had suffered. When Wiles was finished, the State called the probation officer back to the stand for her recommendation on disposition. She testified that Wiles had not given her any documentation about his head injury or ongoing therapy, though he did give her one progress report "of a month or 30 days of his therapy." Because "[t]here's no accountability with this client," the probation officer asked the court to revoke his deferred judgment and send him to prison. The State echoed that recommendation, arguing Wiles was not "a candidate to have community supervision at this point."

The court sided with the State, telling Wiles:

---

[1] That was Wiles's original charge, but he pled guilty to and was sentenced on the reduced charge of possession of marijuana, first offense.

Okay. Mr. Wiles, I'll move on to your new charge momentarily. I've listened to what you've said. I've read all of the reports of violation. I read all the addendums. I've listened to the probation officer. And I've listened to arguments of your counsel and the State.

You were placed on probation January 19, 2022, for assault with a dangerous weapon. And I reviewed that case as well, and what you pled guilty to was assaulting a person and then threatening them with a butcher knife. That's what was written down in your petition to plead guilty. We find ourselves back here, and you've pled guilty to yet another violent crime.

I don't have any evidence presented by any party that you are, in fact, actively engaged in therapy. I believe that at some point you were engaged in therapy, but nobody has given me a progress report so I don't have any evidence that you are, in fact, actively engaged in therapy addressing what is clearly some issues since you now have two violent crimes that I'm looking at today.

You have been noncompliant with probation in several different ways. You've missed probation officer meetings, you missed [Iowa Domestic Abuse Program] classes, and you were removed from those. . . .

So when I'm determining what an appropriate sentence is, I have to look at two things: One is rehabilitation, and the other is protecting the public from further offenses by you. You've also stipulated to using THC through your probation on at least one occasion. I don't know what else this system can do for you to rehabilitate you. . . . And you keep committing these crimes.

If you didn't have a new violent conviction—I guess that you've pled to because we've not convicted you yet—I wouldn't be doing what I'm about to do. But you do. So you're committing violent crimes and not seeing that you're trying to address whatever issue is causing you there. So as such, sir, I do not believe that continued probation is appropriate in this matter.

The court revoked Wiles's deferred judgment on the possession-of-marijuana charge and sentenced him to one year in prison, as the State had requested. The court also revoked his probation for assault with a dangerous weapon and imposed "the original sentence of two years in prison." Those sentences were run consecutively to one another.

With the probation matters finished, the court turned to sentencing on Wiles's domestic abuse assault charge. Defense counsel noted his

arguments previously were kind of conjoined in both cases seeing probation on the . . . violation matters as well as a probation sentence on this charge. Obviously that doesn't make much sense at this point since the Court has now sentenced him to prison on the probation violation charge[s], so we would ask in light of everything that's already been discussed here today and based on the arguments that have previously been made on the record, that Mr. Wiles be given the current sentence concurrent to the probation violation to minimize the period of incarceration that he's to receive.

The court then stated: "Okay. Just to make sure the record is complete, since this is a new sentencing, if your client would like to make a statement of allocution, he can do so at this time." Wiles began, "Yes. I didn't have a say in the last—" but the court cut him off, saying:

> You certainly did, Mr. Wiles. I listened to everything you said so now we're on to a new sentencing. All I want to know is if there's something you would like to say as it relates to what you want me to do. You want me to run this concurrent or consecutive?

Wiles answered, "Concurrent." After the State made its argument for consecutive sentences, the court gave Wiles another opportunity to speak. He reiterated, "I've been going to my therapy that I'm supposed to be doing. . . . I've been doing everything [the probation officer's] asked." When Wiles continued talking about his therapy, the court cut him off again and said, "I understand. You previously told me all about your therapy so you don't need to discuss that anymore." Wiles finished by "asking for . . . concurrent sentence if you could."

The court rejected that request and sentenced Wiles to a term of incarceration not to exceed two years, consecutive to the other two charges, for a total of five years in prison. The court explained:

> I don't do this lightly, Mr. Wiles, but I am going to run the sentence consecutive. And the only reason I'm doing that is because of the violent nature of these offenses and the fact that you were on probation and committed another violent offense. I deem it

appropriate when I'm considering protecting the public from further offenses by you. Probation is denied.

In the sentencing order that followed, the court also ordered Wiles to complete the Iowa Domestic Abuse Program "while incarcerated."

Wiles appeals, challenging only the sentences imposed on his convictions for possession of marijuana, first offense, and domestic abuse assault impeding air or blood flow.[2] *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to appeal following guilty plea where defendant was challenging "the order revoking deferred judgment and entering a judgment of conviction and sentence"); *see also State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

## II. Standard of Review

We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Analysis

### A. Notice of State's Sentencing Evidence

Working in reverse order on Wiles's claims, we start with his challenge to the State's evidence at the disposition phase of the probation revocation hearing. Citing *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990), Wiles contends the

---

[2] The appeal does not include the probation revocation or sentence in the assault-with-a-dangerous-weapon case. *See Euans v. State*, No. 20-0212, 2022 WL 951094, at *3 (Iowa Ct. App. Mar. 30, 2022) ("[T]here is not a right to file a direct appeal from a probation revocation proceeding where . . . the applicant was not granted a deferred judgment."); *see also State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975); *State v. Farmer*, 234 N.W.2d 89, 90–91 (Iowa 1975).

prosecutor was required to provide him with notice that his probation officer would question whether he "had a traumatic brain injury and if he was participating in therapy" during her testimony. He argues this error "materially impacted" his sentence for domestic abuse assault impeding air or blood flow, necessitating resentencing in both cases. We reject this claim for several reasons.

First, we find that Wiles failed to preserve error on this issue. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal."). Wiles did not object to the probation officer's testimony that she did not have documentation about his head injury or ongoing therapy, though he did cross-examine her on those issues. "[W]hile many sentencing issues defy the normal rules of error preservation, this one doesn't." *State v. Carter*, No. 22-1016, 2023 WL 2673226, at *3 (Iowa Ct. App. Mar. 29, 2023) (citing *State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018), which held that error-preservation rules applied to due-process challenge to risk assessment tools used at sentencing); *see also State v. Graham*, 897 N.W.2d 476, 491 (Iowa 2017) (declining to address a sentencing due process issue that was not raised in district court).

Second, even if Wiles could raise this issue for the first time on appeal, the court's holding in *Ashley* regarding notice of the State's sentencing evidence appears limited to cases in which a presentence investigation report has been ordered. *See* 462 N.W.2d at 282 ("The basic requirements of due process and fair notice have been codified in Iowa Code sections 901.3 and 901.4, and we believe

that *failure to provide the statutory notice* renders such evidence inadmissible on the issue of sentencing." (emphasis added)); *see also* Iowa Code §§ 901.3, .4 (setting out requirements for presentence investigation reports). No presentence investigation report was ordered here. Wiles does not provide any authority for his argument that the "lack of a presentence investigation report does not remove the prosecutor's duty to provide advance notice of the sentencing evidence."

Third, unlike *Ashley*, the matters that Wiles complains about were not uncharged offenses. *Cf.* 462 N.W.2d at 282 (finding that information about a defendant's "alleged misrepresentations" that was available to the State before sentencing "must be a part of the presentence investigation report"). They were instead a response to issues that Wiles himself brought up during his statement of allocution to the court. Wiles has not explained how his probation officer's testimony about a topic he introduced into the proceeding violated his right to due process. *See State v. Drake*, 259 N.W.2d 862, 867 (Iowa 1977) ("A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." (citation omitted)).

## B. Sentencing Considerations

*Evidence of therapy.* In a related claim, Wiles asserts the district court abused its discretion by "erroneously conclud[ing] that it lacked 'any evidence presented by any party that you are, in fact, actively engaged in therapy.'" Wiles contends this was erroneous because he told the court that he was in therapy. But, as the State points out, the court was not required to believe Wiles. *See State*

*v. Wingfield*, No. 22-1415, 2023 WL 6292302, at *2 (Iowa Ct. App. Sept. 27, 2023) ("As to Wingfield's contention that the court ignored his expression of remorse, the court was not required to take his statements, either at sentencing or to the [presentence investigation] interviewer, at face value."). In any event, this statement was limited to Wiles's illegal sentence for the possession-of-marijuana charge, which we are vacating. So we need not address it further.

*Right of allocution.* Wiles next asserts that he was denied allocution before the court sentenced him on his conviction for domestic abuse assault impeding air or blood flow. Iowa Rule of Criminal Procedure 2.23(3)(d) entitles defendants to personally address the court to make a statement in mitigation of punishment. When it comes to providing a defendant with this opportunity, "[n]o special language is required to fulfill the rule's mandate." *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). Instead, the question "is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *Id.* (citation omitted).

The record shows the court gave Wiles several opportunities to speak—first at the revocation disposition and then twice during the sentencing for the domestic charge. *See State v. Oo*, No. 22-0661, 2023 WL 4104028, at *2 (Iowa Ct. App. June 21, 2023) (rejecting defendant's claim that he was denied allocution where the court "solicited statements from Oo as it pondered both revocation disposition and the ultimate sentence"). "Asking the defendant if he wants to say something," like the court did here, "is generally sufficient." *Id.*; *accord State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997) (noting substantial compliance with the rule is

sufficient and discussing cases finding such compliance). We accordingly reject this claim.

*Reason for consecutive sentence.* Finally, Wiles asserts the court impermissibly relied on "the violent nature of these offenses" in determining consecutive sentences were appropriate. He contends "[p]ossession of marijuana is not a violent offense." True. But that was not the only offense before the court. Wiles was on probation for assault with a dangerous weapon—a butcher knife— when he was charged with domestic abuse assault impeding air or blood flow. So we do not find the court abused its discretion in relying on "the fact that [Wiles] w[as] on probation and committed another violent offense" in determining consecutive sentences were appropriate. *See State v. Rawls*, No. 18-0882, 2019 WL 2145722, at *2 (Iowa Ct. App. May 15, 2019) (finding imposition of consecutive sentences was not an abuse of discretion where defendant "committed multiple crimes over an extended period, while on probation").

## C. Illegal Sentences

The district court, likely led astray by the probation violation report and addendums, sentenced Wiles to one year in prison after revoking his deferred judgment for possession of marijuana, first offense. The State concedes this was an illegal sentence because the maximum sentence for that offense is six months in jail. *See* Iowa Code § 124.401(5). The State also concedes that the district court did not have the authority to require Wiles to complete the Iowa Domestic Abuse Program *while incarcerated*. *See, e.g.*, *State v. Gardner*, No. 22-0422, 2023 WL 153509, at *2 (Iowa Ct. App. Jan. 11, 2023) (agreeing with defendant that the court "lacked authority to order him to complete sex-offender

treatment while incarcerated"). Though that program is statutorily required upon conviction of an offense under Iowa Code section 708.2A(2), *see* Iowa Code § 708.2A(10), Wiles is correct that decisions about programming for inmates are left to the department of corrections. *See* Iowa Code § 904.202; *State v. Smith*, No. 18-2248, 2021 WL 1400772, at *3 n.6 (Iowa Ct. App. Apr. 14, 2021) ("The department of corrections may still require Smith to participate in the sex offender treatment program, but that decision is within the authority of the department, not the district court."); *accord Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010).

### D.    Remedy

"[I]mposition of a sentence that is not permitted by statute is an illegal sentence, and such sentence is void and must be vacated." *State v. Suchanek*, 326 N.W.2d 263, 265 (Iowa 1982); *accord State v. Draper*, 457 N.W.2d 600, 605 (Iowa 1990) ("[W]hen a sentencing court departs—upward or downward—from the legislatively authorized sentence for a given offense, the pronounced sentence is a nullity subject to correction . . . ."). "When a defendant is sentenced for multiple offenses and a portion of the sentence is vacated, 'we may vacate the invalid part without disturbing the rest of the sentence.'" *State v. Vandermark*, 965 N.W.2d 888, 895 (Iowa 2021) (citation omitted). But we are not required to do so, even if the sentences are severable. *Id.* "Remand for resentencing is appropriate when the district court considered the sentences to be interconnected in imposing them." *Id.*; *accord State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011). We determine that was the case here.

As a result, we vacate Wiles's sentence for domestic abuse assault impeding air or blood flow and remand for resentencing on that conviction. We also reverse the revocation of his deferred judgment, adjudication of guilt, and sentence imposed for the possession-of-marijuana charge and remand to the district court "to fashion an appropriate consequence within the authorized range of choices provided in Iowa Code section 908.11(4)." *State v. Bowen*, No. 22-0278, 2022 WL 16985663, at *3 (Iowa Ct. App. Nov. 17, 2022) ("Because the sentencing decision here was made as part of the disposition decision of a probation-revocation proceeding, we put Bowen back in the same position he was in before disposition was determined."); *accord Keutla*, 798 N.W.2d at 735 (reversing revocation of deferred judgment and remanding to the district court for resentencing "within the authorized range of choices provided in section 908.11(4)" where the court viewed the sentencing arrangement "as an interconnected package"). Because we are vacating the sentences in their entirety, the district court has full discretion on remand to determine what sentences should be imposed within statutory limits, including whether the sentences should be consecutive or concurrent to one another.[3] *See Bowen*, 2022 WL 16985663, at *3

---

[3] The State cites *State v. Austin* and argues "it is not necessary for a new sentencing hearing to occur" because "this involves only a reduction" and correction of Wiles's sentences. 585 N.W.2d 241, 244 (Iowa 1998) (holding the State need not produce defendant at proceeding to correct sentence); *see also* Iowa R. Crim. P. 2.27(3)(b). In *Austin*, however, "the resentencing court was given specific instructions concerning the entry of the amended sentence." *State v. Candelaria*, No. 04-1103, 2005 WL 1397767, at *4 n.2 (Iowa Ct. App. June 15, 2005); *accord Austin*, 585 N.W.2d at 245 (vacating the sentence and remanding "for imposition of a new sentence to omit the reference to the restrictions regarding Austin's eligibility for parole or work release"). Here, we are not dictating what sentences should be imposed on remand. As a result, the remand proceeding may be viewed "as the functional analog of the initial

("By requiring a do-over of the probation-revocation disposition, we do not suggest what disposition should be imposed or that it must be more lenient than imposed here . . . ."); *accord State v. Remmers*, 259 N.W.2d 779, 786 (Iowa 1977) ("We do not intimate that the new sentence must be less than the present sentence . . . .").

Lastly, we decline Wiles's request to mandate resentencing in front of a different judge because this is not a case where the court considered an improper sentencing factor. *Compare State v. Davison*, 973 N.W.2d 276, 289 (Iowa 2022) (remand for resentencing without specifying that it be done by a different judge where the district court may have mistakenly believed defendant was ineligible for parole), *with State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (remanding for resentencing before a different judge where the district court considered an impermissible sentencing factor); *see also State v. Davis*, 971 N.W.2d 546, 558 (Iowa 2022) (remanding for resentencing by a different judge where the State breached a plea agreement).

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

---

sentencing proceeding at which [Wiles] would otherwise have a right to be present and we thus decline to order that the State need not produce him for resentencing." *Candelaria*, 2005 WL 1397767, at *4 n.2; *see also* Iowa R. Crim. P. 2.27(1) (requiring defendant's presence at the imposition of sentence).