# IN THE SUPREME COURT OF IOWA

No. 21–1676

Submitted October 11, 2023—Filed January 26, 2024

**STATE OF IOWA,**

Appellee,

vs.

**NELSON CARLOS FLORES,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Crawford County, Zachary Hindman, Judge.

The defendant seeks further review of a court of appeals decision affirming his convictions for sexual abuse of a child. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Tyler D. McIntosh (argued) and Christopher J. Roth of Roth Weinstein, LLC, Omaha, Nebraska, for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott (argued), Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

In this appeal, we revisit the recurring issue of the admissibility of video recordings of forensic interviews of child sex abuse victims. Our recent decisions have addressed the admissibility of such videos under several exceptions to the hearsay rule.[1] But in today's case, the district court admitted the video under the rule of completeness, Iowa Rule of Evidence 5.106. The defendant was charged with eleven counts of sexual abuse of his girlfriend's daughter, beginning when she was age nine. The State called the child as a witness at the jury trial and mentioned her forensic interview during its direct examination. Defense counsel cross-examined the child about inconsistencies between her trial testimony and select portions of her prior statements in the recorded forensic interview. The State on redirect offered the video into evidence. Over the defendant's hearsay objection, the district court admitted the video for the limited purpose of deciding whether the interview statements "were inconsistent with the testimony given at trial" in evaluating the child's credibility. The district court relied on *State v. Austin*, 585 N.W.2d 241, 243–44 (Iowa 1998) (allowing forensic interview video into evidence under prior version of the rule of completeness after defense counsel "opened the door" by using "very specific points" from a summary of the interview which, if "[t]aken out of the context of the entire interview," would have allowed the jury to "conclude[] that [the child's] statements at the interview were inconsistent with her testimony at trial"). The jury found the defendant guilty on all sexual abuse counts.

---

[1]*See, e.g.*, *State v. Skahill*, 966 N.W.2d 1, 8–15 (Iowa 2021) (addressing the admissibility of the child victim's forensic interview videos under the medical diagnosis and residual exceptions to the hearsay rule); *State v. Fontenot*, 958 N.W.2d 549, 561–564 (Iowa 2021) (addressing the admissibility of the child victim's forensic interview video under the hearsay exception for prior consistent statements); *State v. Veverka*, 938 N.W.2d 197, 200–04 (Iowa 2020) (addressing the admissibility of the child victim's forensic interview video under the residual exception to the hearsay rule).

The defendant appealed, raising multiple issues, and we transferred the case to the court of appeals, which affirmed his convictions. The court of appeals distinguished *Austin* because "the State rather than the defense opened the door." Without deciding whether the video was correctly admitted under rule 5.106, the court of appeals determined that any error in admitting the video was harmless because the State established overwhelming evidence of the defendant's guilt. We granted the defendant's application for further review.

On our review, we affirm the district court under *Austin* and rule 5.106. The rule of completeness applies regardless of which party opens the door. The defense extensively cross-examined the child by asking her about specific statements she made during her forensic interview, highlighted inconsistencies with her trial testimony, and implied that the defendant had touched her only once and only in a certain manner. Yet, other portions of the interview—not asked about during cross-examination—were more consistent with her trial testimony about other incidents. The defendant objected to allowing the video into evidence, but he did not challenge the court's ruling that the entire video would be allowed if he opened the door under rule 5.106. On this record, we conclude that the district court did not abuse its discretion by allowing the jury to view the video to put into context the statements from the interview elicited during cross-examination as part of evaluating the child's credibility. We let the court of appeals decision stand as final on the other issues raised in the defendant's appeal and affirm his convictions.

### I. Background Facts and Proceedings.

In 2016, Nelson Carlos Flores lived with his girlfriend Wendy H., their son E.H., and Wendy's nine-year-old daughter W.R. Flores is not W.R.'s biological father. One morning after her mother left for work, W.R. awoke to find Flores touching her vagina over her clothes. Flores moved his hand under her clothes

before he raped W.R. vaginally and anally. She screamed while this was happening. W.R. later told her mother and grandmother, who disbelieved her after Flores denied raping her. But Wendy took W.R. to a hospital in Denison, where the child told a nurse that Flores raped her; the nurse called the police. W.R. was taken to Omaha for a forensic interview at Project Harmony, a child advocacy center. This 2016 interview was videotaped and later became the focus of this appeal.

Flores was questioned by the police, and a no-contact order was entered. Flores was arrested in June 2016 and charged with sexual abuse in the second degree, in violation of Iowa Code sections 709.1, 709.3(1)(*b*), and 903B.1 (2016); lascivious acts with a child, in violation of sections 709.1, 709.8(1)(*a*), 709.8(2)(*a*), and 903B.1; and assault with intent to commit sexual abuse, in violation of sections 709.11 and 903B.2. Flores was released on bond and waived his right to a speedy trial. His criminal case was delayed at his request a dozen times over the next several years.

Meanwhile, W.R. moved in with her grandmother, but frequently stayed with her mother, half brother, and Flores despite the no-contact order. The adult family members began pressuring W.R. to deny the rape and say she made it all up. They threatened W.R. to recant her story, telling her that otherwise she would be sent to foster care, someone (or Flores) would hurt her, and she would never see her family again. W.R. recanted. In 2019, Flores reached a tentative plea agreement with the State, but further proceedings were continued several more times before Flores rejected the State's plea offer.

Flores's no-contact order remained in effect. Yet W.R. returned to living at her mother's home with Flores, and he raped her multiple times in 2020 when she was age fifteen. In September of that year, W.R. reported the abuse at school and moved in with a great-aunt. The State brought additional charges against

Flores in 2021, and his cases were consolidated for trial. Proceedings were delayed several more times while Flores was in federal custody for immigration violations and changed lawyers, and a final time on the State's motion, over his objection after he had withdrawn his waiver of his right to a speedy trial. The jury trial finally commenced on August 17, 2021, on eleven charges of sexual abuse.

Before trial, the State filed a motion for an advance ruling that the 2016 forensic interview was admissible under the residual exception to the hearsay rule. *See* Iowa R. Evid. 5.807. The district court initially granted the motion, concluding the child's prior recantation made her video-recorded statements "necessary" within the meaning of that rule and as "a prior consistent statement necessary to rebut any claim of newly fabricated evidence." *See* Iowa R. Evid. 5.801(*d*)(1)(B). Flores then moved in limine to exclude the 2016 interview as hearsay and outside the foregoing exceptions. The district court changed its prior ruling to find the video inadmissible under rule 5.807 and deferred ruling under rule 5.801(*d*)(1)(B). During trial, the court informed the parties that it would focus on whether the video was admissible under the rule of completeness if the defense used portions of the recorded statements for impeachment. The court stated it would "wait to see what the cross-examination show[ed]" before ruling on the video's admissibility.

The State called W.R., now age sixteen, to testify in person. She testified that she was in court because Flores raped her. She described his sexual abuse from age nine to fifteen. As the court of appeals later observed, W.R. "provided a detailed, anatomically-specific description of multiple sex acts." The prosecutor's direct examination elicited W.R.'s testimony about Flores pressuring her to recant and to remain silent after later sexual assaults, and her Project Harmony 2016 interview at age nine. On cross-examination, defense counsel vigorously

probed inconsistencies between W.R.'s 2016 statements and her trial testimony on a variety of topics, including where, when, and how often he abused her, and specifics of what he did to her. At the conclusion of W.R.'s testimony, the court ruled that the 2016 video was not admissible "as substantive evidence" under rule 5.801(*d*)(1)(B). But the court, relying on *Austin*, allowed the video into evidence under rule 5.106 "for purposes of assessing [W.R.'s] credibility" and instructed the jury accordingly. The hour-long video was played for the jury, except for a four-minute gap.[2]

The jury also heard testimony from family members, several law enforcement witnesses, and Amy Cirian—the forensic interview program manager at Project Harmony. Cirian reviewed the 2016 forensic interview of W.R. and two later interviews, and she testified that the interviewers followed proper procedures. She observed no "red flags" for coaching or other problems with the interviews. The defense called a medical expert who examined W.R. and found no physical signs that W.R. had been sexually abused.

Following the five-day trial, the jury found Flores guilty on all eleven counts of sexual abuse. The district court denied Flores's posttrial motions for acquittal or new trial. He was sentenced to prison for up to thirty-five years, with a 70% mandatory minimum on several of the convictions. Flores appealed, raising six grounds for reversal: (1) the district court erred in finding good cause to grant the State's motion for a continuance beyond the speedy trial deadline, (2) the court erred by admitting the 2016 forensic interview video under rule 5.106, (3) the court erred in admitting hearsay statements of family members as coconspirators, (4) there was insufficient evidence to convict him based on the testimony of W.R. alone, (5) the verdict was contrary to the weight

---

[2]The omitted portion is irrelevant to our analysis.

of the evidence, and (6) his trial counsel was ineffective when he failed to object to witness vouching by the State's expert forensic interviewer. We transferred the case to the court of appeals, which affirmed his convictions.

As to the 2016 video, the court of appeals questioned the State's reliance on *Austin*, where the defense opened the door to introduction of the video by cross-examining the child victim using a summary of her forensic interview. The appellate panel distinguished *Austin*, bypassed the admissibility issue, and found any error in playing the video was harmless:

> The posture was reversed here. The State presented the evidence first and the defense cross-examined without using or seeking the admission of the recordings. Because the State[,] rather than the defense[,] opened the door, we question its reliance on *Austin* for admission of the recordings. We elect to bypass that issue and proceed to a harmless-error analysis.
>
> "The State overcomes the presumption of prejudice if it can establish that there was overwhelming evidence of the defendant's guilt." As noted, the child provided detailed trial testimony. Her testimony together with other record evidence was overwhelming. Accordingly, any error in admitting the recordings was harmless.

(Citations omitted) (quoting *State v. Montgomery*, 966 N.W.2d 641, 661 (Iowa 2021)). The court of appeals rejected Flores's other grounds for reversal. Flores applied for further review, and we granted his application.

**II. Standard of Review.**

"When we grant further review, we may exercise our discretion to let the court of appeals decision stand as the final decision on particular issues." *State v. Booker*, 989 N.W.2d 621, 626 (Iowa 2023) (quoting *Farnsworth v. State*, 982 N.W.2d 128, 135 (Iowa 2022)). We do so here with respect to all of Flores's challenges except the admissibility of the 2016 forensic interview video.

We review rulings allowing evidence under the rule of completeness for abuse of discretion. *Austin*, 585 N.W.2d at 243; *see also State v. Tucker*, 982

N.W.2d 645, 652, 659 (Iowa 2022); *cf. United States v. Farrington*, 42 F.4th 895, 900 (8th Cir 2022) ("We review a district court's decision about the admissibility of evidence under [Federal] Rule [of Evidence] 106 for a clear abuse of discretion."). We review rulings on hearsay objections for correction of errors at law. *State v. Skahill*, 966 N.W.2d 1, 8 (Iowa 2021). We review rulings "implicating the interpretation of a rule of evidence for correction of errors at law." *Hawkins v. Grinnell Reg'l Med. Ctr.*, 929 N.W.2d 261, 265 (Iowa 2019).

### III. Analysis.

Flores argues the district court erred by playing the video of W.R.'s 2016 Project Harmony interview for the jury. The State argued, and the district court ruled, that the video was admissible under rule 5.106 and *Austin* after Flores's defense counsel extensively cross-examined W.R. by using selected excerpts of what she said at age nine in that recorded interview. The district court, in its discretion, determined that the jury should watch the entire video so that they had a complete picture of the specific statements W.R. made during that interview and identified during cross-examination for purposes of evaluating her credibility. We hold that the district court did not abuse its discretion in allowing the jury to watch the video for that purpose.

Rule 5.106 is titled, "Remainder of related acts, declarations, conversations, writings, or recorded statements." The rule provides:

> *a.* If a party introduces all or part of an act, declaration, conversation, writing, or recorded statement, an adverse party may require the introduction, at that time, of any other part or any other act, declaration, conversation, writing, or recorded statement that in fairness ought to be considered at the same time.

> *b.* Upon an adverse party's request, the court may require the offering party to introduce at the same time with all or part of the act, declaration, conversation, writing, or recorded statement, any other part or any other act, declaration, conversation, writing, or recorded statement that is admissible under rule 5.106(*a*). Rule 5.106(*b*), however, does not limit the right of any party to

> develop further on cross-examination or in the party's case in chief matters admissible under rule 5.106(*a*).

Iowa R. Evid. 5.106. This rule "codified the common law doctrine of completeness." *Tucker*, 982 N.W.2d at 658. "Unlike most evidence rules, rule 5.106 is a rule of inclusion, not exclusion." *Id.* We have characterized the rule "as posing an open-the-door concept." *State v. Huser*, 894 N.W.2d 472, 507 (Iowa 2017); *see also Austin*, 585 N.W.2d at 243 (affirming the district court ruling admitting the forensic interview video "on the ground that the defendant had 'opened the door' by cross-examining the victim, using a summary of the videotape").

> In *State v. Tucker*, we described the rule's operation as follows:

> > Fundamentally, rule 5.106's purpose is to prevent a party—particularly the party that presents evidence first—from misleading juries with partial or incomplete evidence. That evidence may take the form of actions, declarations, conversations, writings, or recorded statements. [Iowa R. Evid.] 5.106(*a*). . . . More specifically, rule 5.106 allows a second litigant to introduce alongside supposedly partial or incomplete evidence some additional evidence "that in fairness ought to be considered at the same time." *Id.* Otherwise, the jury would be unable to hear the additional evidence until either cross-examination or the second litigant's case-in-chief, which would be unfair to the second litigant.

982 N.W.2d at 658–59; *see also* 7 Laurie Kratky Doré, *Iowa Practice Series Evidence* § 5.106:1, at 100 (2023–2024 ed. 2023) [hereinafter Doré] ("[A]pplication of the rule prevents unfairness by protecting against the misleading impression which might result when all or part of written or oral evidence is read or heard out of context."). We favorably cited *Austin*, where we "emphasized [that] the district court wields significant discretion in deciding whether rule 5.106 applies in a particular circumstance." *Tucker*, 982 N.W.2d at 659. In *Tucker*, we held that the district court did not abuse its discretion under rule 5.106 by denying the defendant's request to play an additional police

bodycam video referring to an irrelevant prior shooting when it was not offered to cure any misleading impression left by the video that was played for the jury. *Id.* at 660 (also affirming exclusion under Iowa R. Evid. 5.403).

We have not adjudicated a challenge to the admissibility of forensic interview videos of child witnesses under rule 5.106 since *Austin*, where we held the district court did not abuse its discretion when it admitted the entire video after defense counsel opened the door by cross-examining the victim with a summary of her interview. 585 N.W.2d at 243–44.[3] Flores does not ask us to overrule *Austin*. "Stare decisis alone dictates continued adherence to our precedent absent a compelling reason to change the law." *Book v. Doublestar Dongfeng Tyre Co.*, 860 N.W.2d 576, 594 (Iowa 2015).

Flores argued, and the court of appeals agreed, that *Austin* is distinguishable because the State introduced the subject of the 2016 interview in the prosecutor's direct exam of the child. We disagree that this sequence requires a different outcome. The State did not play any excerpts of the 2016 video during W.R.'s direct testimony. Rather, the prosecutor merely showed W.R. a two-page summary of the interview to refresh her recollection that the interview occurred and asked her several questions about it to establish that (1) W.R. was truthful during the interview, (2) she told the interviewer Flores sexually assaulted her, (3) her mother and grandmother did not believe her after Flores

---

[3]*Austin* applied Iowa Rule of Evidence 106(*a*) (1998), before the 2016 amendments moved the rules of evidence to chapter 5 of the Iowa Court Rules, renumbered them, and made nonsubstantive, stylistic changes consistent with stylistic amendments to the counterpart Federal Rules of Evidence. The former rule stated:

> When an act, declaration, conversation, writing, or recorded statement, or part thereof, is introduced by a party, any other part or any other act, declaration, conversation, writing, or recorded statement is admissible when necessary in the interest of fairness, a clear understanding, or an adequate explanation.

*Austin*, 585 N.W.2d at 243 (quoting Iowa R. Evid. 106(*a*) (1998)). Flores does not argue the change in wording in the current rule 5.106(*a*) alters our analysis.

denied sexually assaulting her, and (4) Flores told her before the interview, "Don't tell them what I did." Defense counsel then cross-examined W.R. with numerous specific statements she made throughout that interview to probe inconsistencies with her direct testimony. Rule 5.106 does not give Flores the green light to introduce only select portions of a prior statement with impunity just because the State mentioned the interview first. The rule does not work in only one direction; by its terms, it applies to any party. *See* Iowa R. Evid. 5.106. Either the prosecution or the defense can trigger the rule by offering part of a statement in a way that is misleading absent context provided by the rest of the statement, with the opposing party then able to request the introduction of the rest of the recording at the court's discretion.

On this record, the district court did not abuse its discretion when it overruled Flores's hearsay objection to the video. The district court instructed the jury that the video was played only for the purpose of evaluating W.R.'s credibility and not as substantive evidence for the truth of the statements in it. Federal courts are divided on whether Federal Rule of Evidence 106 "trump[s] other applicable evidence rules and make[s] related information admissible, even if it would otherwise be excluded, if 'fairness' requires that it be considered along with the primary evidence." Doré § 5.106:1, at 104; *see also id.* § 5.106:1, at 105 n.21 (surveying federal cases). A pending amendment to the federal rule will resolve the issue in favor of allowing admissibility. *See id.* § 5.106:1, at 105–06 & nn.22–24. In *Tucker,* we found it unnecessary "to settle the precise contours of rule 5.106's potential power to authorize the admission of otherwise inadmissible evidence." 982 N.W.2d at 659. We reach the same conclusion here. Given the district court's limiting instruction, we need not decide whether the 2016 video would have been admissible as substantive evidence under rule 5.106.

We caution that impeaching a witness at trial with statements from a prior recorded interview in a way that supports the application of rule 5.106 for completeness purposes will not necessarily open the door to the introduction of the entire video. In *Austin*, we affirmed the introduction of the entire forensic interview video under rule 5.106, concluding:

> In this case, [the defendant] chose very specific points from the interview about which to cross-examine [the child]. Taken out of the context of the entire interview, the jury might have concluded that [the child's] statements at the interview were inconsistent with her testimony at trial concerning such matters as whether [the defendant] beat her before or after the assault or both times. The videotaped interview also helped to clear up apparent inconsistencies pointed out on cross-examination on such matters as whether [the child] was standing or prone during the assault.
>
> The court was well within its discretion in allowing [the] introduction of the videotaped interview. Under similar evidence rules, other jurisdictions have agreed.

585 N.W.2d at 244. For similar reasons, we conclude that the district court acted within its discretion in playing W.R.'s entire interview video to assist the jury in evaluating whether the child's interview really was inconsistent with her trial testimony for purposes of assessing her credibility. Flores did not argue that any specific excerpts of the video were beyond the scope of his cross-examination or rule 5.106, or that any excerpt should have been excluded under rule 5.403.

Other courts have noted that the *entire* prior statement or video should not be introduced, but only that part that furthers the purposes of the rule of completeness. *See, e.g., United States v. Green,* 83 F.4th 696, 704 (8th Cir. 2023) (affirming the trial court's ruling declining to play the complete interview video of defendant's statement to the police, and explaining that "[t]his 'rule of completeness' is designed 'to avoid misleading impressions created by taking matters out of context' " and so the "party urging admission must thus specify any portion of the writing or recording that is relevant and 'that qualifies or

explains portions already admitted' " (quoting *United States v. Ramos-Caraballo*, 375 F.3d 797, 802–03 (8th Cir. 2004))); *United States v. Haddad*, 10 F.3d 1252, 1258–59 (7th Cir. 1993) (stating that "the trial judge need only admit the remaining portions of the statement which are needed to clarify or explain the portion already received"); *United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984) (allowing additional evidence under Federal Rule of Evidence 106 when "necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding").

In our view, parties should be prepared to limit video played under rule 5.106 to those portions necessary for context, fairness, or to otherwise clear up misleading impressions. The Kentucky Supreme Court recently offered this guidance when remanding a case for a new trial where the defendant likely would try to impeach the child victims with their prior forensic interview videos:

> We acknowledge it may be more difficult to easily assert which portions of a video should be presented contemporaneously for completeness in such circumstances. Videos may need to be reviewed in real time to make such a determination, while a transcript or statement could quickly be skimmed. However, that does not provide a valid basis for simply admitting the entirety of these videos. The solution in such a situation, while cumbersome, is to allow the party seeking to admit additional portions of the videos to review the videos and then mark and explain what portions of necessity should also be admitted, thus allowing for discussion and resolution.

*Alderson v. Commonwealth*, 670 S.W.3d 884, 902 n.3 (Ky. 2023). We agree with that guidance.

With those admonitions, we affirm the district court's discretionary ruling under Iowa Rule of Evidence 5.106 that allowed W.R.'s 2016 Project Harmony video to be played for the jury for purposes of assessing the child's credibility by providing a complete picture of the statements made in the interview that were

challenged during cross-examination. We do not reach the State's alternative argument that the video was admissible under Iowa Rule of Evidence 5.801(*d*)(1)(B). *See Austin*, 585 N.W.2d at 243–44 (affirming admissibility of a video under rule of completeness without deciding its admissibility as a prior consistent statement).

**IV. Disposition.**

For the foregoing reasons, we vacate the court of appeals decision on the admissibility of the 2016 Project Harmony video and affirm the court of appeals' resolution of the remaining issues. We affirm the district court judgment and sentence.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**